**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**ROLLAND M.,**

                                                    **Plaintiff,**

          **vs.**                                                            **8:19-CV-1624**
                                                                             **(MAD)**

**ANDREW SAUL,** *Commissioner of*
*Social Security,*

                                                    **Defendant.**

_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **LAW OFFICES OF KENNETH** | **JUSTIN M. GOLDSTEIN, ESQ.** |
| **HILLER, PLLC** | **KENNETH R. HILLER, ESQ.** |
| 6000 North Bailey Avenue - Suite 1A | |
| Amherst, New York 14226 | |
| Attorneys for Plaintiff | |
| | |
| **SOCIAL SECURITY ADMINISTRATION** | **CHRISTOPHER LEWIS POTTER ESQ.** |
| J.F.K. Federal Building, Room 625 | |
| 15 New Sudbury Street | |
| Boston, Massachusetts 02203 | |
| Attorneys for Defendant | |

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff, Rolland M., commenced this action on December 27, 2019, pursuant to 42

U.S.C. §§ 405(g) and 1383(c), seeking review of a decision by the Commissioner of Social

Security denying Plaintiff's application for Social Security Disability Insurance ("SSDI").  *See*

Dkt. No. 1.  On November 8, 2016, Plaintiff filed an application for disability insurance benefits,

alleging an onset date of May 24, 2016.  *See* Administrative Transcript ("Tr.") at 193-202.

Plaintiff's application was denied and he filed a timely request for a hearing before an Administrative Law Judge ("ALJ").  *See id.* at 99, 111.  A hearing was held before ALJ Gretchen Mary Greisler on October 25, 2018.  *See id.* at 29-64.  On January 7, 2019, the ALJ issued a decision denying Plaintiff's application.  *See id.* at 7-19.  Plaintiff subsequently requested review by the Appeals Council and was denied such review.  *See id.* at 1, 189.  Presently before the Court are the parties' cross-motions for judgment on the pleadings.  *See* Dkt. Nos. 11, 15.

## II. BACKGROUND

At the time of his application, Plaintiff was fifty years old.  *See* Tr. at 193.  Plaintiff does not have a high school diploma and previously worked as a "fire proofer" at a factory.  *See id.* at 33-34.  The record indicates that Plaintiff suffers from a variety of conditions including chronic obstructive pulmonary disease, spinal disorder involving degenerative disc disease and sciatica, obesity, and mild angina.  *See id.* at 13.  Plaintiff has also suffered from episodes of syncope, asthma, vocal cord issues, polyps in his stomach, and bleeding ulcers.  *See id.* at 12-13.  The record evidence in this case is undisputed and the Court adopts the parties' factual recitations.

## III. DISCUSSION

### A.    Standard of Review

A person is disabled when he is unable "to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  There is a five-step analysis for evaluating disability claims:

> "In essence, if the Commissioner determines (1) that the claimant is not working, (2) that he has a 'severe impairment,' (3) that the impairment is not one [listed in Appendix 1 of the regulations] that

> conclusively requires a determination of disability, and (4) that the
> claimant is not capable of continuing in his prior type of work, the
> Commissioner must find him disabled if (5) there is not another
> type of work the claimant can do."

*Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003) (quoting *Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002)) (other citation omitted).  "The claimant bears the burden of proof on the first four steps, while the Social Security Administration bears the burden on the last step." *Id.* (citation omitted).

In reviewing a final decision by the Commissioner under Title 42, United States Code Section 405, the Court does not determine *de novo* whether a plaintiff is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Court must examine the Administrative Transcript to ascertain whether the correct legal standards were applied, and whether the decision is supported by substantial evidence. *See Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000); *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998).  "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982)) (other citations omitted).  In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo

review." *Valente v. Sec'y of Health and Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984) (citation omitted).

**B.     The ALJ's Decision**

At the first step of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 24, 2016, the alleged onset date. *See* Tr. at 12.  At step two, the ALJ concluded that Plaintiff had the following severe impairments: chronic obstructive pulmonary disease ("COPD"), spinal disorder involving degenerative disc disease ("DDD") and sciatica, obesity, and mild angina. *See id.* at 13.  At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that functionally equals the severity of any impairment listed in C.F.R. Part 404, Subpart P, Appendix 1. *See id.* at 14.  The ALJ then found that Plaintiff

> has the residual functional capacity to perform less than a full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b), with ability to lift/carry 20 pounds occasionally and 10 pounds frequently; sit 6 hours in a routine 8-hour workday; and stand/walk 6 hours total in such a workday; but must be allowed to sit for 5 minutes after standing or walking for 45 minutes, but retaining the ability to remain on-task; and can occasionally stoop, balance, crouch, crawl, kneel and climb stairs and ramps; but cannot climb ladders, ropes or scaffolds or work at unprotected heights or in close proximity to dangerous machinery; and cannot tolerate concentrated exposure to extreme heat, cold, humidity or respiratory irritants; and must work in a climate-controlled environment.

*Id.* at 14.  At step four, the ALJ found that Plaintiff had no past relevant work. *See id.* at 17.  At the fifth and final step of the analysis, the ALJ solicited the testimony of a vocational expert. *See id.* at 17-18.  The vocational expert testified that a hypothetical individual of Plaintiff's age, with his education, past relevant work experience, and RFC could perform the representative occupations of gate attendant, cashier in a parking garage, and information clerk. *See id.* at 18.

The ALJ relied on this testimony to determine that Plaintiff is not disabled as defined by the Social Security Act.  *See id.*

**C.      Analysis**

Plaintiff makes three arguments in support of his motion.  First, Plaintiff argues that the ALJ improperly weighed the medical opinions of Dr. Padmaraju and Dr. Wassef.[1]  *See* Dkt. No. 11 at 11.  Second, Plaintiff argues that the ALJ's credibility determination as to Plaintiff's testimony is not supported by substantial evidence.  *See id.* at 20-21.  Finally, Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence.  *See id.* at 12.

*1. Weighing the Opinion Evidence*

When an ALJ is considering how best to weigh the opinion of a non-acceptable medical source and other non-treating medical opinions, the ALJ must consider a number of factors, including: (i) the frequency of the examination and the length, nature and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other factors brought to the Social Security Administration's attention that tend to support or contradict the opinion.  *See* Social Security Ruling ("SSR") 06-03P, 2006 WL 2329939, at *4; *see also* 20 C.F.R. § 404.1527(c).  After accounting for these factors, the ALJ should generally explain the weight given to opinions from the medical sources or at least "ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case."  *See* SSR 06-03P, 2006 WL 2329939, at *6.

---

[1]Although the ALJ spelled Dr. Wassef's name as "Waddef," the record indicates that the correct spelling is "Wassef."  *See* Tr. at 72, 391.

5

Plaintiff takes issue with the ALJ's weighing of the opinions of Dr. Padmaraju and Dr. Wassef.  *See* Dkt. No. 11 at 11.  The ALJ assigned "partial weight" to both opinions.  *See* Tr. at 17.  Dr. Padmaraju opined that "light work is still possible, with occasional postural activities, and avoidance of even moderate exposure to extreme heat/cold, humidity or irritants."  *See id.*  However, the ALJ noted that the totality of the record evidence supports additional restrictions such as the need to avoid dangers and hazardous work conditions.  *See id.*  Dr. Wassef opined that Plaintiff had moderate limitations with standing/walking, climbing stairs, bending, squatting, lifting, sitting, and using foot controls.  *See id.*  However, again, the ALJ concluded that the record evidence indicated that Plaintiff suffered some non-exertional limitations.  *See id.*  The ALJ noted that the opinions were "similar" but that both did not mention certain non-exertional limitations that were supported by the record.  *See id.*

Plaintiff argues that the opinions of Dr. Padmaraju and Dr. Wassef differ greatly such that the ALJ's assignment of identical weight was erroneous.  *See* Dkt. No. 11 at 11.  Further, Plaintiff argues that the ALJ failed to weigh either opinion pursuant to the factors outlined in 20 C.F.R. § 404.1527 and that the ALJ's assessment of additional limitations beyond those described in the medical opinions improperly substitutes the ALJ's opinion for those of the examining sources. *See id.*

It is the ALJ's province to weigh medical opinions and evidentiary conflicts.  *See Carroll v. Secretary of Health & Human Services*, 705 F.2d 638, 642 (2d Cir. 1983).  This Court is tasked with determining whether the ALJ's findings are supported by substantial evidence.  *See id.*  Here, the Court finds the opinions of Dr. Padmaraju and Dr. Wassef are, as the ALJ found, very similar. Both opinions note Plaintiff's limitations in lifting, standing, walking, sitting, and pushing.  *See*

Tr. at 73, 395.  Additionally, both opinions note that Plaintiff should not be exposed to extreme temperatures, smoke, odors, chemicals, or other respiratory irritants.  *See id.* at 74, 395.

As to Plaintiff's argument that the ALJ did not properly consider the opinions pursuant to Section 404.1527, the Court finds this argument unpersuasive.  Drs. Padmaraju and Wassef are not treating physicians, and thus, their opinions are not subject to the same presumption of weight as those of a treating physician.  *See* 20 C.F.R. § 404.1527(c).  Further, an "ALJ is not required to explicitly enumerate all of the regulatory factors[.]"  *Liberatore v. Colvin*, No. 15-CV-1483, 2016 WL 7053443, *8 n.15 (N.D.N.Y. Dec. 5, 2016).

Here, the ALJ compared the opinions to the record evidence and found that the record evidence supported the imposition of additional limitations.  *See* Tr. at 17.  Further, the ALJ's finding that additional limitations were necessary, specifically the need to avoid dangers and hazardous work conditions, is supported by the record.  For example, the record indicates that Plaintiff has a history of fainting spells and has limitations in climbing stairs and ladders, balancing, stooping, kneeling, crouching, and crawling.  *See id.* at 13, 73.

The ALJ's decision and record evidence are such that the Court is able to "glean the rationale" of the ALJ's decision as is required.  *See Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983).  Accordingly, the Court finds that the ALJ properly considered the weight given to Dr. Padmaraju's and Dr. Wassef's opinions and that her conclusion is supported by substantial evidence.

To the extent that Plaintiff argues the ALJ had a duty to develop the record in the present matter, the Court disagrees.  *See* Dkt. No. 11 at 19.  If, after examining the evidence, the ALJ is unable to reach a conclusion, the ALJ "will determine the best way to resolve the inconsistency or insufficiency.  The action(s) [ ] take[n] will depend on the nature of the inconsistency or

insufficiency." 20 C.F.R. § 404.1520b(b)(2).  The record is insufficient "when it does not contain all of the information [ ] need[ed] to make [a] determination or decision."  20 C.F.R. § 404.1520b(b).  However, "if all of the evidence [the ALJ] receive[s], including all medical opinion(s), is consistent and there is sufficient evidence for [the ALJ] to determine whether [the claimant is] disabled, [the ALJ] will make [a] determination or decision based on that evidence." 20 C.F.R. § 404.1520b(a).

Because the ALJ was able to make a determination as to disability based on the extensive record before her, there was no need to obtain additional information.  *See* 20 C.F.R. § 404.1520b(a).  Further, it is clear that the ALJ appropriately considered the level of support for the opinions, the consultative nature of the examination, and the consistency of those opinions with the record as a whole.  *See* Tr. at 17; 20 C.F.R. § 404.1527(c)(3)-(4).  Accordingly, the Court finds that the ALJ properly considered the weight of the medical opinions in relation to the record evidence and sufficiently explained the basis for her conclusions as to both opinions.

### 2. Assessment of Plaintiff's Credibility

"While the ALJ is required to take into account a claimant's reports of pain, symptoms, and other indicia of impairment, she is not required to accept those reports 'without question.'" *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010); 20 C.F.R. § 416.929(a).  Instead, the ALJ "may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence in the record."  *Id.* (citing *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979)).  The ALJ's credibility findings receive "special deference" because of her ability to observe the claimant's testimony.  *See Yellow Freight Sys., Inc. v. Reich*, 38 F.3d 76, 81 (2d Cir. 1994).  Like other findings of the ALJ, the credibility finding is reviewed for whether it is supported by substantial evidence.  *See Hopkins v. Colvin*, No. 13–CV–4803, 2014 WL 4392209, *5 (S.D.N.Y.

Sept. 5, 2014); *Torres v. Colvin*, No. 12–CV–6527, 2014 WL 241061, *12 (S.D.N.Y. Jan. 22, 2014).

The ALJ has discretion to assess the credibility of a claimant's testimony regarding disabling pain and other limitations, and to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant.  *See Marcus*, 615 F.2d at 27.  The regulations set out a two-step process for assessing a claimant's statements about pain and other limitations:

> At the first step, the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged. ...  If the claimant does suffer from such an impairment, at the second step, the ALJ must consider the extent to which the claimant's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence of record.  The ALJ must consider statements the claimant or others make about his impairments, his restrictions, his daily activities, his efforts to work, or any other relevant statements he makes to medical sources during the course of examination or treatment, or to the agency during interviews, on applications, in letters, and in testimony in its administrative proceedings.

*Genier*, 606 F.3d at 49 (quotations and citations omitted).

If a plaintiff's testimony concerning the intensity, persistence or functional limitations associated with his impairments is not fully supported by clinical evidence, the ALJ must consider additional factors in order to assess that testimony, including: (1) daily activities; (2) location, duration, frequency, and intensity of any symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness and side effects of any medications taken; (5) other treatment received; and (6) other measures taken to relieve symptoms.  20 C.F.R. § 416.929(c)(3)(i)-(vi).  The issue is not whether the clinical and objective findings are consistent with an inability to perform all substantial activity, but whether the plaintiff's statements about the intensity, persistence, or

functionally limiting effects of his symptoms are consistent with the objective medical and other

evidence.  *See* SSR 96-7p, Policy Interpretation Ruling Titles II and XVI: Evaluation of

Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, 1996 WL

374186, *2 (Soc. Sec. Admin. July 2, 1996).  One strong indication of credibility of an

individual's statements is their consistency, both internally and with other information in the

record.  *Id.* at *5.

 "After considering plaintiff's subjective testimony, the objective medical evidence, and any

other factors deemed relevant, the ALJ may accept or reject claimant's subjective testimony."

*Saxon v. Astrue*, 781 F. Supp. 2d 92, 105 (N.D.N.Y. 2011) (citing, *inter alia*, 20 C.F.R. §§

404.1529(c)(4), 416.929(c)(4)).  An ALJ rejecting subjective testimony "'must do so explicitly and

with sufficient specificity to enable the Court to decide whether there are legitimate reasons for

the ALJ's disbelief and whether his decision is supported by substantial evidence.'"  *Melchior v.*

*Apfel*, 15 F. Supp. 2d 215, 219 (N.D.N.Y. 1998) (quoting *Brandon v. Bowen*, 666 F. Supp. 604,

608 (S.D.N.Y. 1987)).  The Commissioner may discount a plaintiff's testimony to the extent that it

is inconsistent with medical evidence, the lack of medical treatment, and her own activities during

the relevant period.  *See Howe-Andrews v. Astrue*, No. CV-05-4539, 2007 WL 1839891, *10

(E.D.N.Y. June 27, 2007).  With regard to the sufficiency of credibility determinations, the

Commissioner has stated that

> it is not sufficient for the adjudicator to make a single, conclusory
> statement that "the individual's allegations have been considered" or
> that "the allegations are (or are not) credible."  It is also not enough
> for the adjudicator simply to recite the factors that are described in
> the regulations for evaluating symptoms.  The determination or
> decision must contain specific reasons for the finding on credibility,
> supported by the evidence in the case record, and must be
> sufficiently specific to make clear to the individual and to any

subsequent reviewers the weight the adjudicator gave to the
individual's statements and the reasons for that weight.

SSR 96-7p, 1996 WL 374186, at *2.

Plaintiff argues that the ALJ improperly discounted her testimony and failed to sufficiently

detail her justification for the credibility determination.  *See* Dkt. No. 11 at 20-21.  Plaintiff claims

that the ALJ erroneously relied upon three legally inadequate and unsupported reasons for

discounting Plaintiff's allegations.  *See id.* at 21.  Specifically, Plaintiff claims the ALJ improperly

relied upon Plaintiff's daily activities, one treatment note that reported that he worked full time,

and Plaintiff's purported use of marijuana.  *See id.* at 21-25.

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably

be expected to cause the alleged symptoms.  *See* Tr. at 16.  However, the ALJ found that

Plaintiff's statements regarding the intensity, persistence, and limiting effects of these symptoms

were not entirely consistent with the medical and record evidence.  *See id.*  The ALJ noted that

despite Plaintiff's claims as to the intensity, persistence, and limiting effects of his symptoms,

Plaintiff was still able to engage in a number of daily activities which contradicted his claims.  *See*

*id.*  Specifically, the ALJ noted Plaintiff's ability to shower and dress himself daily, cook once per

week, and shop once per month.  *See id.*  Additionally, the ALJ found that Plaintiff's claims that

he suffered trouble breathing and could not tolerate things such as smoke in the course of his work

were belied by his admission to medical personnel that he smoked marijuana.  *See id.*  Finally,

Plaintiff does not contest the ALJ's finding that Plaintiff worked full time, but rather argues that

he had certain accommodations that allowed him to work.  *See* Dkt. No. 11 at 23.  Notably, the

ALJ is permitted to consider statements as to Plaintiff's effort to work in weighing credibility.  *See*

*Genier*, 606 F.3d at 49.

11

Perhaps alone each of these reasons might be insufficient, but the ALJ properly considered the totality of multiple statements made by Plaintiff as to his impairments in weighing his credibility.  Accordingly, the Court finds that the ALJ properly evaluated Plaintiff's credibility and that her determination is supported by substantial evidence.

### 3. Residual Functional Capacity

A claimant's RFC represents a finding of the range of tasks he or she is capable of performing notwithstanding the impairments at issue.  *See* 20 C.F.R. §§ 404.1545(a), 416.945(a). An RFC determination is informed by consideration of a claimant's physical and mental abilities, symptomology, including pain, and other limitations that could interfere with work activities on a regular and continuing basis.  *See id.*; *see also Martone v. Apfel*, 70 F. Supp. 2d 145, 150 (N.D.N.Y. 1999).

When addressing a plaintiff's RFC, an ALJ is required to note how "the evidence supports each conclusion, citing specific medical facts (*e.g.*, laboratory findings) and non-medical evidence (*e.g.*, daily activities, observations)."  SSR 96–8p, 1996 WL 374184, *7 (July 2, 1996); *see also Balsamo v. Chater*, 142 F.3d 75, 80-81 (2d Cir. 1998).  Additionally,

> [t]he RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 C.F.R. §§ 404.1545, 416.945. Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy.

SSR 96–8p, 1996 WL 374184, at *1; *see also Pronti v. Barnhart*, 339 F. Supp. 2d 480, 490 (W.D.N.Y. 2004).  An ALJ's failure to explain the evidence he or she relied upon in assessing RFC constitutes a ground for a remand.  *See Compo v. Commissioner of Soc. Sec.*, No. 6:05–CV–973, 2009 WL 2226496, *9 (N.D.N.Y. July 23, 2009) (citation omitted); *see also*

*Hodge v. Astrue*, No. 07–CV–0162, 2009 WL 1940051, *10 (N.D.N.Y. July 7, 2009) (citation omitted).

To properly ascertain a claimant's RFC, an ALJ must assess the claimant's exertional capabilities, addressing his or her ability to sit, stand, walk, lift, carry, push, and pull. *See* 20 C.F.R. §§ 404.1545(b), 404.1569a, 416.945(b), 416.969a. Nonexertional limitations or impairments, including impairments resulting in postural and manipulative limitations, must also be considered. *See* 20 C.F.R. §§ 404.1545(b), 404.1569(a); *see also* 20 C.F.R. Part 404, Subpt. P, App. 2 § 200.00(e). When making an RFC determination, an ALJ must specify those functions the claimant is capable of performing; conclusory statements concerning his or her capabilities, however, will not suffice. *See Martone*, 70 F. Supp. 2d at 150 (citing *Ferraris v. Heckler*, 728 F.2d 582, 588 (2d Cir. 1984)). An administrative RFC finding can withstand judicial scrutiny only if there is substantial evidence in the record to support each requirement listed in the corresponding regulations. *See Martone*, 70 F. Supp. 2d at 150 (citing *LaPorta v. Bowen*, 737 F. Supp. 180, 183 (N.D.N.Y. 1990)); *see also Sobolewski v. Apfel*, 985 F. Supp. 300, 309-10 (E.D.N.Y. 1997).

Plaintiff essentially argues that the ALJ's reliance on the opinions of Dr. Paramaju and Dr. Wassef is insufficient because those opinions do not constitute substantial evidence. *See* Dkt. No. 11 at 12. Specifically, Plaintiff claims that Dr. Paramaju did not review substantial portions of Plaintiff's treatment records and that the record evidence does not support Plaintiff's ability to perform light work. *See id.* However, for the reasons the Court has already explained, the ALJ's weighing of the opinion evidence was supported by substantial evidence. Further, the ALJ based her opinion not only on the medical opinions, but on the entire medical record and Plaintiff's testimony as to his limitations. *See* Tr. at 16.

13

A review of the ALJ's decision makes clear that his RFC determination included consideration of all of Plaintiff's limitations.  The ALJ concluded that Plaintiff

> has the residual functional capacity to perform less than a full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b), with ability to lift/carry 20 pounds occasionally and 10 pounds frequently; sit 6 hours in a routine 8-hour workday; and stand/walk 6 hours total in such a workday; but must be allowed to sit for 5 minutes after standing or walking for 45 minutes, but retaining the ability to remain on-task; and can occasionally stoop, balance, crouch, crawl, kneel and climb stairs and ramps; but cannot climb ladders, ropes or scaffolds or work at unprotected heights or in close proximity to dangerous machinery; and cannot tolerate concentrated exposure to extreme heat, cold, humidity or respiratory irritants; and must work in a climate-controlled environment.

*Id.* at 14.

This RFC demonstrates the ALJ's contemplation of Plaintiff's physical and mental abilities.  The ALJ considered the record evidence and the available medical opinions in determining Plaintiff's ability to perform the physical and mental demands of work activity, and sufficiently described her findings.  *See id.* at 14-18; 20 C.F.R. § 404.1545(c).  Accordingly, the Court finds that the ALJ's RFC determination is supported by substantial evidence.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that the decision denying benefits is **AFFIRMED**; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings (Dkt. No. 15) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 15, 2020
        Albany, New York

Mae A. D'Agostino
U.S. District Judge